**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LATASHA THOMPKINS**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 C 1339 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| **MICHAEL J. ASTRUE**, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Latasha Thompkins ("Plaintiff"), brings this motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant, Michael Astrue, the Commissioner of the Social Security Administration ("Commissioner"), opposes the motion. The parties have consented to have this Court conduct any and all proceedings in this case, including entry of final judgment pursuant to 28 U.S.C. § 636(c) and N.D. Ill. R. 73.1(c). For the reasons stated below, this Court grants Plaintiff's motion.

### I. Background

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on July 5, 2005, alleging that she had become disabled on January 1, 2005. After the Social Security Administration ("SSA") denied her application on December 8, 2005, she filed a request for reconsideration, which was also denied. Following a hearing on April 20, 2007, the administrative law judge ("ALJ") denied Plaintiff's claim on October 25, 2007. The Appeals

Council denied review, and Plaintiff appealed the Commissioner's decision to this Court. On December 6, 2010, the Court reversed the Commissioner's decision in part and remanded for further consideration. Plaintiff now seeks attorney's fees under the EAJA.

## II. Legal Standard

The EAJA provides that a district court may award "fees and other expenses" where (1) the claimant was a prevailing party, (2) the government's position was not substantially justified, (3) there are no special circumstances that make an award unjust, and (4) the claimant filed a timely and complete application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). The requesting party must show that the fees sought are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). A position is "substantially justified if it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts alleged and legal theory" propounded. *Stewart*, 561 F.3d at 683 (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The Commissioner bears the burden of proving that both his pre-litigation conduct, including the ALJ's decision, and his litigation position were substantially justified. *Stewart*, 561 F.3d at 683. Proving this requires that the government show "its position was grounded in '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded.'" *Bricks, Inc. v. U.S. Env't Prot. Agency*, 426 F.3d 918, 922 (7th Cir. 2005) (quoting *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000)); *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006).

Under *Astrue v. Ratliff*, — U.S. — , 130 S.Ct. 2521 (2010), an award under the EAJA belongs to the plaintiff and can be offset to satisfy a pre-existing debt the plaintiff owes the United States ("the Government"). After the award is entered, if the Government determines that plaintiff owes no such debts, the Government will direct that the fee award and expenses be made payable to plaintiff's attorney pursuant to the EAJA assignment signed by the parties. The award for costs is also payable to plaintiff.

**III.  Discussion**

The Court remanded the Commissioner's decision, in part, because the ALJ failed to state the weight he assigned to the opinion of Plaintiff's treating psychiatrist, Dr. Persina, or to the consulting psychologist, Dr. Ghadiali. The ALJ concluded that Dr. Persina's written opinion was not entitled to controlling weight based on inconsistencies between it and the notes she made while treating Plaintiff. The Court agreed with the Commissioner that the ALJ was entitled to do so but found that his failure to assign any specific weight to the medical source opinions was erroneous. Notwithstanding, the Commissioner now contends that the government's litigation position on this issue was substantially justified.

As the Court noted in its earlier decision, the Commissioner did not address Plaintiff's argument that the ALJ erred by failing to assign specific weights to the medical opinions. Thus, the Commissioner essentially waived any objection to Plaintiff's claim in the underlying litigation. *See Laborers' Int'l Union of North Am. v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999) (stating that arguments that are not presented in response to a motion for summary judgment are waived). The Commissioner does not contend that the Court overlooked the

Government's argument on this issue or explain how the failure to address an issue that gave rise to reversible error constitutes a reasonable litigation position for EAJA purposes. Although the Commissioner contends that the Court could have *inferred* that the ALJ gave little or no weight to Dr. Persina's opinion, the Court rejected the same argument in its prior order: an "ALJ's decision cannot leave the weight given to the treating physician's testimony to mere inference: the decision must be sufficiently specific to make clear to any subsequent reviewers the weight the ALJ gave to the treating source's medical opinion and the reasons for that weight." *Ridinger v. Astrue*, 589 F. Supp.2d 995, 1006 (N.D. Ill. 2008); *see also Moore v. Astrue*, No. 08 CV 5180, 2010 WL 2166629, at *8-9 (N.D. Ill. May 27, 2010).

Evaluating medical source opinions is a fundamental duty of an ALJ. *See Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004) ("Weighing conflicting evidence from medical experts . . . is exactly what the ALJ is required to do."). As the regulations make clear, this encompasses *all* of the medical opinions in the record. 20 C.F.R. § 404.1527(d) ("[W]e will evaluate every medical opinion we receive."). Social Security Ruling 96-2p also directs an ALJ to weigh the opinion of a treating medical source like Dr. Persina. *See* SSR 96-2p (stating that an ALJ's decision "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."). When an ALJ decides not to give controlling weight to a treating physician's opinion, he must still assign it a specific weight. Social Security Ruling 96-2p states that under such facts "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927." SSR 96-2p. Further, SSR 96-6p states in regard to opinions of consulting psychologists that an ALJ "must explain the weight

given to these opinions in their decisions." SSR 96-6p. The ALJ's failure to do so in this case was erroneous, and it prevented the Court from fully addressing the merits of Plaintiff's further arguments concerning the ALJ's listing decision at step three, or from determining the basis for the ALJ's failure to address the VE's testimony concerning Plaintiff's need for work breaks.

The Court also reversed the ALJ's decision based on the work-break issue. The ALJ elicited testimony from the VE on Plaintiff's need for unscheduled breaks, received a response from the VE stating that such limitations would make any employment impossible, and then failed to address the VE's conclusion in his decision. As the Commissioner notes, Plaintiff's argument on this issue was far from clear in her motion for summary judgment. This was true to some degree because Plaintiff appeared to link her argument to a vaguely-stated suggestion that the ALJ did not properly assess her credibility. In the absence of a clear argument on this topic, however, the Court found that her claim was more accurately construed as one based on the ALJ's failure to weigh Dr. Persina's opinion. According to Plaintiff, Dr. Persina's report contained evidence supporting her need for breaks, and by failing to weigh that report, the ALJ had no basis to ignore the VE's testimony that this limitation would preclude all employment.

The Government's earlier response linked Plaintiff's claim to the ALJ's credibility decision, and the Commissioner now argues that the Court recognized that this was a reasonable position because it rejected Plaintiff's credibility argument. (Def's. Resp. at 7.) As noted just above, however, the Court did not determine that it was reasonable to assume that Plaintiff's argument was based, at least in its entirety, on the credibility issue. Although the Court found that, insofar as any credibility argument was even asserted, Plaintiff failed to show that the ALJ erred in his assessment. However, the Court also specifically noted that Plaintiff only obliquely

raised that issue. The full reasoning surrounding Plaintiff's argument could have been more carefully stated, but she did base her claim in large part on Dr. Persina's report.[1]

The Court points out in this regard that the Commissioner recognized that this was what Plaintiff was stating in her motion for summary judgment. *See* Response at 8-9 ("[S]he nonetheless argues that the ALJ should have credited Dr. Persina's opinion, which Plaintiff characterizes as independent evidence supporting the conclusion that she had difficulty staying on task."). In response, the Commissioner set forth two somewhat interrelated arguments. (*Id.*) First, the Government relied on a contention that the ALJ properly discounted the treating psychiatrist's opinion, an argument that the Court rejected for the reasons stated above. Second, the Commissioner stated that part of this devaluation was correctly based on the ALJ's decision that Plaintiff's testimony was not credible. According to the Commissioner, Dr. Persina's professional opinion was based on Plaintiff's subjective complaints to her; thus, by correctly finding that Plaintiffs' hearing testimony was not entirely credible, the ALJ stated a proper basis for discounting the value of the psychiatrists's report.

This argument does not show why the Commissioner's litigation position was substantially justified. Even if the ALJ *could* have relied on his credibility assessment of Plaintiff to evaluate Dr. Persina's opinion, the Commissioner overlooks that he did not, in fact, do so in this case. Instead, the ALJ gave no reason at all for not giving a specific weight to the treating physician's evaluation of Plaintiff's psychiatric condition. "Neither the Commissioner

---

[1] The Commissioner claims at this point that "it was never clear to begin with" that Plaintiff's alleged need for unscheduled breaks "should be linked" to Dr. Persina's medical opinion at all. Whether it should have been linked in this way or not, that is exactly what Plaintiff did.

nor the court may supply reasons for the ALJ." *Baker ex rel. Baker v. Barnhart*, 410 F. Supp.2d 757, 766 (E.D.Wis. 2005); *see also A.H. ex rel. Williams v. Astrue*, No. 09 C 6981, 2011 WL 1935830, at *9 (N.D. Ill. 2011 May 18, 2011). As a result, the ALJ failed to "build a logical bridge between the evidence and his [apparent] conclusion" that no independent evidence existed that required him to follow through on this question to the VE. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009); *see also Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) ("[W]e cannot uphold a decision by an administrative agency . . . if, while there is enough evidence in the record to support the decision, the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.").

More fundamentally, the Commissioner assumes that Dr. Persina's opinion cannot, or perhaps should not, be meaningfully differentiated from Plaintiff's statements at the hearing and that the ALJ's assessment of Plaintiff's hearing testimony necessarily applies to the subjective complaints she made to her psychiatrist. However, the Commissioner has not shown any reason why this is the case.[2] Neither the ALJ nor the Court has any idea of the full scope of what Plaintiff told Dr. Persina in her monthly treatment sessions that began in May, 2005, or the degree to which those statements mirrored what Plaintiff said to the ALJ. The record contains Dr. Persina's treatment notes indicating brief comments Plaintiff made to her psychiatrist. But it is unreasonable to assume that Dr. Persina's notes were intended to provide a transcript of the entire range of Plaintiff's statements. What else she told Dr. Persina, or why those undisclosed comments were substantially similar to her hearing testimony, is speculative.

---

[2] The Court notes that the Commissioner did not present a developed argument on this issue in the underlying litigation, stating only that "Dr. Persina's opinion appeared to be inextricably linked to Plaintiff's credibility." (Def's. Resp. at 9.)

As the report of a qualified medical expert, moreover, the Court presumes that Dr. Persina's evaluation is not merely an uncritical reflection of Plaintiff's complaints but is the assessment of a treating psychiatrist based, at least to some degree, on her independent, medical expertise. Thus, the fact that the ALJ did not find Plaintiff's testimony at the hearing to be fully credible does not mean that Dr. Persina's evaluation of statements Plaintiff made in their treatment sessions should be found lacking in all credibility. Without assigning any weight to Dr. Persina's opinion, the ALJ could not conclude based on Plaintiff's hearing testimony that no evidence supported her psychiatrist's medical report. The ALJ was required to evaluate Dr. Persina's opinion based on the standards laid out in the regulations, and any finding that it was entitled to no weight at all merely because of what the Plaintiff stated in the hearing failed to take those standards into consideration.[3]

## IV. Fee Calculation

Plaintiff has submitted an itemized statement showing 41.8 attorney hours, and 1.3 legal assistant hours. She also seeks $14.50 in court costs. The Commissioner does not dispute the reasonableness of these claims. For civil actions commenced after March 29, 1996, the EAJA's

---

[3] Plaintiff also argued that remand was necessary at step five because the ALJ failed to ask the vocational expert if his testimony that she could perform jobs that required a level 2 reasoning was consistent with the ALJ's residual functional capacity ("RFC") finding. Relying on *Terry v. Astrue*, 580 F.3d 471 (7th Cir. 2009), the Commissioner argued that the ALJ's failure to make an inquiry was merely harmless error. The Court agreed, albeit on different grounds. As the Court noted, *Terry* involved level 3 reasoning, and the Court was required to undertake an independent analysis of the issues and caselaw involved in this matter. This included resolving a split between courts in this Circuit without guidance from the Commissioner. *Compare Simms v. Astrue*, 599 F. Supp.2d 988 (N.D. Ind. 2009) *with Masek v. Astrue*, No. 08 C 1277, 2010 WL 1050293 (N.D. Ill. March 22, 2010).

statutory rate for attorney's fees is $125.00 per hour. 28 U.S.C. § 1412(d)(2)(A). Plaintiff seeks an enhancement of that rate based on governmental CPI numbers in the amount of $172.50 and states that the legal assistant should be billed at $85 per hour. *See* 28 U.S.C. § 1412(d)(2)(A)(ii). Again, the Commissioner does not oppose these figures. Accordingly, the Court finds that Plaintiff is entitled to EAJA fees in the amount of $7,335.50, including $7,210.50 for attorney hours (41.8 x $172.50), $110.50 for legal assistant hours (1.3 x $85), and $14.50 in costs.

## V. Conclusion

For the reasons stated above, the Court finds that the Commissioner's position in the underlying litigation was not substantially justified and that the fees and costs requested by Plaintiff are reasonable. Therefore, the Court grants Plaintiff's request for attorney's fees and costs in the amount of $7,335.50 to be paid to Plaintiff.

**ENTER ORDER:**

_____
 **MARTIN C. ASHMAN**
**Dated:** August 2, 2011. United States Magistrate Judge